IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JORGE A. TRUJILLO an individual and
REBECCA TRUJILLO an individual,

    Plaintiffs,

vs.                                              Civil Action No.:

NATIONWIDE INSURANCE COMPANY
OF FLORIDA, a foreign corporation

    Defendant.
_____/

FILED by _____ D.C.
FEB 17 2010
STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. - MIAMI

## DEFENDANT'S MOTION TO DISMISS AND/OR MOTION TO STRIKE COUNTS II, III, AND IV OF PLAINTIFFS' COMPLAINT

**COMES NOW** the DEFENDANT, NATIONWIDE INSURANCE COMPANY OF FLORIDA (hereinafter "NATIONWIDE" or "DEFENDANT"), by and through undersigned counsel, hereby files its Motion to Dismiss Counts II, III, and IV of the Complaint brought by PLAINTIFFS, JORGE A. TRUJILLO, an individual and REBECCA TRUJILLO, an individual (hereinafter "PLAINTIFFS"), and in support thereof states as follows:

1. On August 19, 2009, a water loss allegedly occurred within the subject property, resulting from a broken drain line.

2. After DEFENDANT tendered the undisputed amount of loss, PLAINTIFFS filed the underlying lawsuit on January 19, 2010, which contained four separate counts against DEFENDANT: breach of contract (Count I); unjust enrichment

(Count II); fraud in the inducement (Count III); and negligent misrepresentation (Count IV). *A copy of the Complaint is attached hereto as Exhibit "A"*.

3. As set forth in the following memorandum of law, Counts II, III, and IV are not only wholly unsupported by the facts and are unrelated to this matter, these three Counts go towards allegations of bad faith, and further each fail to state a claim for which relief can be granted and, as such, should be dismissed.

## MEMORANDUM OF LAW

### I. UNJUST ENRICHMENT

As to unjust enrichment (Count II), the PLAINTIFFS can not prove any set of facts in support of their claim. The elements necessary to bring forth a cause of action for unjust enrichment are: (1) that the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) that the defendant voluntarily accepts and retains the benefit conferred; and (3) that circumstances are such that it would be inequitable for defendant to retain benefit without paying the value thereof to plaintiff. *Moynet v. Courtois*, 8 So.3d 377 (Fla. 3d DCA 2008). Here, although the PLAINTIFFS allege that they paid monthly premiums to the DEFENDANT in accordance with the policy, the DEFENDANT properly investigated the claim and submitted payment for undisputed damages.

Although PLAINTIFFS mention in the Complaint that payment was submitted to them by the DEFENDANT, they merely purport that they have not received the amount they believe they are entitled to collect. Further, these circumstances do not constitute unjust enrichment as the relevant insurance policy, a written contract, governs the

relationship between the parties. Florida law expressly states that "where there is an express contract between the parties, claims arising out of that contractual relationship will not support a claim for unjust enrichment." *See Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696,697 (Fla. 1st DCA 2008); *Harding Realty, Inc. v. Turnberry Towers Corp.*, 436 So.2d 983 (Fla. 3d DCA 1983). Thus, Count II of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

## II. FRAUD IN THE INDUCEMENT

In regards to fraud in the inducement (Count III), Florida law requires that in order to allege a viable cause of action for fraud, a plaintiff must allege that: (1) defendant made a false statement regarding a material fact; (2) defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth of falsity; (3) defendant intended that plaintiff rely and act of the false statement; and (4) plaintiff justifiably relied on the false statement to his detriment. *Simon v. Celebration Co.*, 883 So.2d 826 (Fla. 5th DCA 2004). The first element of fraud, false representations of fact, can only be satisfied when the pleading identifies specific facts and states how they were false. *Batlemento v. Dove Fountain, Inc.*, 593 So.2d 234, 238 (Fla. 5th DCA 1991).

In *Batlemento*, the district Court held that an Amended Complaint did not contain sufficient information to state a cause of action for fraud since it did not, in particularity, identify how the representation was false. *Id.* The district Court further stated that the Amended Complaint did no more than identify the general subject matter of the alleged

false representations of fact and not how they were in fact false, and commented that the trial court plainly erred in failing to require compliance with Florida Rule of Civil Procedure 1.120(b), pleading fraud with particularity. *Id.*

In the Complaint at hand, the PLAINTIFFS vaguely refer to a broad expectation by the PLAINTIFFS that Defendant would "fully pay for any covered claim" without setting forth any fraud or identifying any false statements as required by the Rules of Civil Procedure, Rule 1.110(b). At best, the allegations set forth in the Complaint are that the PLAINTIFFS expected to be fully paid and they believe they have not been appropriately compensated. Therefore, the purported fraud is simply the PLAINTIFFS' beliefs and interpretations of the industry standards as they surround claims handling. Nonetheless, such ideas and speculations by PLAINTIFFS remain a far cry from allegations of fraud. At best, in evaluating the allegations of the Complaint in the light most favorable to the PLAINTIFFS, the chief complaint is that the claim was not paid in the amount as opined by PLAINTIFFS. These allegations go towards claims practices as to how the claim was handled, or whether the PLAINTIFFS received sufficient insurance benefits, as opposed to any fraudulent conduct on the part of DEFENDANT. *See e.g.* FLA. STAT. § 626.9541(1)(i)3b.[1]

---

[1] FLA. STAT. § 626.9541(1)(i)3b provides that an Unfair Claims Settlement Practice with such frequency as to indicate a general business practice includes any of the following:

   a. Failing to adopt and implement standards for the proper investigation of claims;
   b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
   c. Failing to acknowledge and act promptly upon communications with respect to claims;

Additionally, the "economic loss rule" prohibits causes of action based on torts if they are dependent on same allegations of a contractual breach, such as fraudulent inducement. *Clayton v. State Farm Mut. Ins. Co.*, 729 So.2d 1012 (Fla. 3d DCA 1999). Where alleged fraudulent misrepresentation is inseparable from the essence of the parties' agreement, the "economic loss rule" applies barring tort actions between parties to a contract. *Id.* Further, the "economic loss rule" bars fraud in the inducement if the PLAINTIFFS cannot demonstrate that it is a tort independent from the breach of contract. *Bates v. Rosique*, 777 So.2d 980 (Fla. 3d DCA 2001). In the case at hand, the PLAINTIFFS' factual allegations are consistent throughout the Complaint; only the theories of recovery vary. For example, the PLAINTIFFS improperly reallege and reincorporate all previous paragraphs in the Complaint instead of simply realleging the general allegations. Moreover, the facts that the Insured purchased the Policy, expected

---

d. Denying claims without conducting reasonable investigations based upon available information;

e. <u>Failing to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage</u>, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;

f. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

g. Failing to promptly notify the insured of any additional information necessary for the processing of a claim; or

h. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

j. Failure to maintain complaint-handling procedures.--Failure of any person to maintain a complete record of all the complaints received since the date of the last examination. For purposes of this paragraph, "complaint" means any written communication primarily expressing a grievance.

that the Insurance Company "would fully pay for any covered claim" and that "the Insured have suffered and continue to suffer damages" seem to be the only supporting facts in both the breach of contract claim and fraud in the inducement, as well as all other counts throughout the Complaint. As such, Count III should be dismissed as the allegations which support breach of contract are no different that those supporting fraudulent inducement thereby effectively being barred by the "economic loss rule." Further, since the PLAINTIFFS have failed to identify specific facts as to the purported fraud committed by DEFENDANT and same allegations, Count III of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

### III. NEGLIGENT MISREPRESENTATION

In regards to negligent misrepresentation (Count IV), an actionable suit must contain the following allegations: (1) misrepresentation of material fact; (2) representer must either know of misrepresentation without knowledge as to its truth or falsity, or must make representations under circumstances in which he ought to have known of its falsity; (3) representer must intend that representation induce another to act on it; and (4) injury must result to party acting in justifiable reliance on misrepresentation. *Atlantic Nat'l Bank of Florida v. Vest*, 480 So.2d 1328 (Fla. 2d DCA 1986). A fact is material if, but for alleged nondisclosure or misrepresentation, the complaining party would not have entered into transaction. *Id.*

In the instant matter, the PLAINTIFFS have been unable to establish a misrepresentation of material fact. Again, the PLAINTIFFS vaguely allege in the

Complaint that representations were made by the DEFENDANT assuring the PLAINTIFFS that it would fully pay for any covered claim when the PLAINTIFFS purchased the policy and that such representations induced the PLAINTIFFS. All allegations are bare, and proffer legal conclusions without sufficient facts in support thereof. For instance, the PLAINTIFFS allege in the negligent misrepresentation count that:

> 33. The <u>representations</u> made by the Insurance Company assuring the Insured that it would fully pay for any covered claims when the Insured purchased the Policy were material and false.
>
> 34. The Insurance Company fraudulently induced the Insured to purchase the Policy upon <u>false</u> <u>representations</u> that it would fully pay the Insured for any covered claim.
>
> 35. The Insurance Company should have known or was reckless on not knowing that its <u>representations</u> <u>were</u> <u>false</u> when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.
>
> 36. The Insured did, indeed, rely to their detriment on the <u>false</u> <u>representations</u> made by the Insurance Company as the purchased the Policy.
>
> 37. As a result of the Insurance Company's <u>false</u> <u>representations</u>, as are more specifically set forth above, the Insured have suffered and continue to suffer damages.

As delineated above, the PLAINTIFFS merely state legal conclusions and elements without stating specifically what precise representations were conveyed. Further, as previously mentioned the DEFENDANT has investigated the subject loss and submitted payment for covered damages. The fact the PLAINTIFFS disagree with the amount tendered by the DEFENDANT neither amounts to a misrepresentation or

injury to the PLAINTIFFS as required by law to establish a cause of action for Negligent Misrepresentation. As such, Count IV of the Complaint should be dismissed as the PLAINTIFFS have failed to state a cause of action upon which relief may be granted.

Moreover, the "economic loss rule" bars causes of actions in tort between parties to a contract, unless there is proof of property damage independent of a Breach of Contract. *Clayton*, 729, So.2d 1012 (Fla. 3d DCA 1999). In addition, Florida courts have held that when fraud relates to the performance of the contract, the "economic loss rule" will limit the parties to their contractual remedies. *D & M Jupiter, Inc., v. Freidopfer*, 853 So.2d 485 (Fla. 4th DCA 2003). *See Output, Inc., v. Danka Business Systems, Inc.*, 991 So.2d 941 (Fla. 4th DCA 2008) (when alleged fraud relates to the performance of a contract, the economic loss doctrine limits the parties to their contractual remedies). In other words, in order to determine if the "economic loss rule" bars recovery it is necessary to ask if the fraud alleged is in an act of performance. *Id.* Here, the PLAINTIFFS are alleging that the DEFENDANT has not fully paid on the contract, and therefore complain that DEFENDANT has not fully performed pursuant to same. As such, Count IV is barred via the "economic loss rule," and should be dismissed, as a Breach of Contract would be the appropriate theory of recovery since the PLAINTIFFS are alleging failure to perform.

## IV. CONCLUSION

As discussed herein, the PLAINTIFFS have failed to state a cause of action upon which relief may be granted on Counts II, III, and IV, respectively. Further, the "economic loss rule" bars the allegations as set forth by the PLAINTIFFS in Counts III

and IV due to PLAINTIFFS failure to demonstrate that these torts are independent from Breach of Contract. As such, the PLAINTIFFS' proper avenue for seeking redress is found within Count I – Breach of Contract; however, Counts II, III, and IV are not only irrelevant, scandalous and impertinent to the instant matter, but infer allegations of bad faith by alleging unjust enrichment, fraud in the inducement, and negligent misrepresentation – allegations that are irrelevant and not at issue at this time. PLAINTIFFS proper theory of recovery for the allegations as set forth within the Complaint sounds in breach of contract and nothing more. As such, Counts II, III, and IV must be dismissed.

**WHEREFORE,** the DEFENDANT, NATIONWIDE INSURANCE COMPANY OF FLORIDA, hereby requests that this Honorable Court enter an Order dismissing or striking Counts II, III, and IV of the Complaint and for any and all other further relief this Court deems fair and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☒ First Class U.S. Mail, ☐ facsimile transmission, ☐ electronic mail, and/or ☐ hand-delivery, to: Alian M. Perez, Esq., of Montesano & Perez, alian@montesanoperez.com, 782 NW Le Jeune Road, Suite 628, Miami, Florida 33126 (*facsimile: 786/362-7171*) on this 16 day of February, 2010.

By: _____
Anthony J. Tinelli, Esq.
Florida Bar Number: 959901
at@lydeckerdiaz.com
LYDECKER, DIAZ, LLC
*Attorneys for Defendant*
1201 Brickell Avenue, 5th Floor
Miami, Florida 33131
(305) 416-3180 Telephone
(305) 416-3190 Facsimile

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


10-03950

---

JORGE A. TRUJILLO AND REBECCA TRUJILLO

PLAINTIFF(S),

VS.

NATIONWIDE INSURANCE COMPANY OF FLORIDA

DEFENDANT(S).

CASE #:     10-03477 CA-30
COURT:      CIRCUIT COURT
COUNTY:  DADE
DFS-SOP#: 10-03950

SUMMONS, COMPLAINT.

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 25th day of January, 2010 and a copy was forwarded by Electronic Delivery on the 27th day of January, 2010 to the designated agent for the named entity as shown below.

NATIONWIDE INSURANCE COMPANY OF FLORIDA
DONNA MOCH   (CLS-SOPPLATeam@wolterskluwer.com)
CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

ALLAN M. PEREZ
SUITE 628
782 N.W. LE JEUNE ROAD
MIAMI FL 33126

CYA

Division of Legal Services - Service of Process Section
200 East Gaines Street   P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544



| IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION**<br>X CIVIL<br>O OTHER | **SUMMONS** | **CASE NUMBER**<br>10-03477CA 30 |
| **PLAINTIFF(S)**<br>JORGE A. TRUJILLO AND<br>REBECCA TRUJILLO. | **DEFENDANT (s)**<br>NATIONWIDE INSURANCE<br>COMPANY OF FLORIDA, | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You **ARE COMMANDED** to serve this summons and a copy of the **Complaint** in this action on defendant:

**NATIONWIDE INSURANCE COMPANY OF FLORIDA**
**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
**200 E. GAINES STREET**
**TALLAHASSEE, FLORIDA 32399-4201**

Defendant is required to serve answer and written defenses to the Complaint on Plaintiff's Attorney: Alian M. Perez, Esq., whose address is 2330 Ponce De Leon Blvd., Suite 201, Coral Gables, Florida 33134, Telephone No.: 305-444-5885, Fax No.: 305-444-8986, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | BY _____ DEPUTY CLERK | DATE<br>JAN 2 0 2010 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

| IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ||| 
|---|---|---|
| **DIVISION** <br> X CIVIL <br> ☐ OTHER | **SUMMONS** | **CASE NUMBER** <br> 10 - 03477 CA 30 |
| **PLAINTIFF(S)** <br> JORGE A. TRUJILLO AND <br> REBECCA TRUJILLO. | **DEFENDANT (s)** <br> NATIONWIDE INSURANCE <br> COMPANY OF FLORIDA. | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the Complaint in this action on defendant:

**NATIONWIDE INSURANCE COMPANY OF FLORIDA**
**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
**200 E. GAINES STREET**
**TALLAHASSEE, FLORIDA 32399-4201**

Defendant is required to serve answer and written defenses to the Complaint on Plaintiff's Attorney: Alian M. Perez, Esq., whose address is 2330 Ponce De Leon Blvd., Suite 201, Coral Gables, Florida 33134, Telephone No.: 305-444-5885, Fax No.: 305-444-8986, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | BY CHRISTINA REGUEYRA <br> DEPUTY CLERK | DATE <br> JAN 2 0 2010 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

| | |
|---|---|
| JORGE A. TRUJILLO, an individual and REBECCA TRUJILLO, an individual, | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiffs, | GENERAL JURISDICTION DIVISION |
| v. | CASE NO.: 10-03477 CA 30 |
| NATIONWIDE INSURANCE COMPANY OF FLORIDA, a foreign corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, JORGE A. TRUJILLO and REBECCA TRUJILLO, (collectively the "Insured"), hereby filed their Complaint against the Defendant, NATIONWIDE INSURANCE COMPANY OF FLORIDA (the "Insurance Company"), and in support thereof allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000) exclusive of interest, costs and fees.

2. The Insured are individuals who at all times material hereto have resided in Miami-Dade County, Florida.

3. The Insurance Company is a foreign corporation qualified to do business in Florida and has at all times material hereto been conducting business in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

5. Venue is proper in Miami-Dade County, Florida because the property, which forms the subject matter of this lawsuit, is located in Miami-Dade County, Florida.

6. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

7. At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of HOF 0024717902-0 (the "Policy"). The Insured after diligent search and expending all efforts to locate a copy of the Policy have not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company.

8. Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 7640 SW 143rd Street Palmetto Bay, Florida 33158 ("Property").

9. On or about August 21, 2009, while the Policy was in full force and effect, the Property sustained a covered loss as a result of water damage (the "Loss").

10. The Insurance Company acknowledged coverage for the Loss, assigned claim number 7709200183652009082101 to the Loss and assigned an insurance adjuster to adjust the Loss.

11. Accordingly, the Insurance Company provided payment of insurance proceeds to the Insured in the amount of $63,347.36. However, after diligent inspection of the Loss, it was obvious that the Property sustained damage greater than the damages acknowledged by the Insurance Company. A true and correct copy of the Insurance Company's estimate is attached hereto as Exhibit "A".

12. Specifically, the Insured provided the Insurance Company with an estimate from their own expert showing damages in the amount of $216,734.22. A true and correct copy of Insured's estimate is attached hereto as Exhibit "B".

13. The Insurance Company has knowledge that the damages are greater than the damages acknowledged by it; however, it refuses to make additional payments.

14. The Insurance Company's has the duty to issue full payment for the total amount of the Loss under the terms of the Policy.

15. As of the date of the filing of this lawsuit, the Insurance Company has refused to comply with the Policy: provide full payment for the Loss.

16. The Insured have suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy in the liquidated amount of $153,386.86, which is the different between the monies paid by the Insurance Company and the actual amount of the Loss.

17. The Insured have been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 17 as if fully set forth herein.

18. It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

19. The Insured have paid all premiums due and owing as contemplated by the Policy; thus, fully performing their obligations under the Policy.

3

20. Further, at all times material hereto, the Insured have satisfied all post loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property; and (iii) keeping an accurate record of the repairs expenses. Accordingly, the Insured have made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

21. In contrast, the Insurance Company has failed to provide full payment for the Loss. As a result of the foregoing, the Insurance Company has breached the Policy.

22. As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has suffered and continues to suffer damages in the amount of $153,386.86.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $153,386.86, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and demands a jury trial.

## COUNT II
## UNJUST ENRICHMENT

Insured reallege and reincorporate paragraphs 1 through 17 as if fully set forth herein.

23. Benefits were conferred upon the Insurance Company by the Insured equal to the amount of monies pay by the Insured when they bought the Policy.

24. The Insurance Company has knowledge of said benefits and appreciated it in that the Insurance Company voluntarily accepted the monies tendered by the Insured when they purchased the Policy without objection.

25. The acceptance of such benefits by the Insurance Company is such that it would be inequitable for the Insurance Company to retain the benefits without paying the amount of

$153,386.86, which is the different between the monies paid by the Insurance Company and the actual amount of the Loss.

26. The Defendant has been unjustly enriched in the liquidated amount of $153,386.86.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $153,386.86, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and demands a jury trial.

## COUNT III
## FRAUD IN THE INDUCEMENT

The Insured reallege and reincorporate paragraphs 1 through 17 as if fully set forth herein.

27. The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

28. The Insurance Company fraudulently induced the Insured to purchase the Policy upon false representations that it would fully pay the Insured for any covered claim.

29. The Insurance Company knew that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.

30. The Insured did, indeed, rely to their detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

31. As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured have suffered and continue to suffer damages.

32. The Insured reserve the right to amend this count to add a claim herein for punitive damages in accordance with Section 768.72, Florida Statutes, upon the proper showing to this Court of the necessary record evidence allowing such amendment.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $153,386.86, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and demands a jury trial.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

The Plaintiffs reallege and reincorporate paragraphs 1 through 17 as if fully set forth herein.

33. The representations made by the Insurance Company assuring the Insured that it would fully pay for any covered claim when the Insured purchased the Policy were material and false.

34. The Insurance Company negligently induced the Insured to purchase the Policy upon representations that it would fully pay the Insured for any covered claim.

35. The Insurance Company should have known or was reckless on not knowing that its representations were false when made, and the Insurance Company made them with the intention that the Insured relied to their detriment thereon.

36. The Insured did, indeed, rely to their detriment on the false representations made by the Insurance Company as the Insured purchased the Policy.

6

37. As a result of the Insurance Company's false representations, as are more specifically set forth above, the Insured have suffered and continue to suffer damages.

WHEREFORE, the Insured respectfully request that this Court enter judgment against the Insurance Company for damages and demands the Insurance Company provides full payment for the Loss in the liquidated amount of $153,386.86, plus interest, court costs and reasonable attorneys' fees pursuant to Section 627.428, Florida Statutes, and demands a jury trial.

Dated this 19th day of January, 2010.

MONTESANO & PEREZ, P. L.
Counsel for the Insured.
Ocean Bank Building
782 N.W. Le Jeune Road
Suite 628
Miami, Florida 33126
Telephone No. (786) 528-5288
Facsimile No. (786) 362-7171

By: _____
Alian M. Perez, Esq.
Florida Bar No. 36340
Joan Montesano, Esq.
Florida Bar No. 41673